IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA MOLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-88-SPB |
| | ) |
| LYNDA STEVICK and | ) |
| CHRISTOPHER MACKENRICK, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Rowena Molson, a frequent *pro se* filer in this Court, commenced the instant civil action by filing a motion to proceed *in forma pauperis*, ECF No. [1], and attaching to it a "complaint" directed against "Lynda Stevick," a Pennsylvania State Police Trooper, and "Christopher MacKenrick," a magisterial district justice in Erie County.[1] As best this Court can tell, Plaintiff's grievance against Stevick appears to be predicated upon events that allegedly transpired on May 1, 2006. On that date, according to Plaintiff, Defendant Stevick "did . . . speack [sic] . . . the intent and the action of texting into PA Police Data Computer a commentary" about Plaintiff, which included information to the effect that Plaintiff was "insan[e]," even though Plaintiff had only spoken to Stevick for "two or three minutes" in her "entire life." ECF No. 1-2. Stevick allegedly told Plaintiff that this would lead to Plaintiff's "removal from free society." *Id.* Stevick is also alleged to have stated that the entry of this "commentary" was "part of [her] learning at police school," and she "had entered data on other occasions with other public individuals." *Id.* As a result Stevick's alleged actions, Plaintiff claims that she has "suffered from this memo that has prevailed through time and throughout

---

[1] The Court takes judicial notice of the fact that Corporal Stevick's first name is spelled "Linda" and District Justice "MacKenrick's" surname is actually "MacKendrick."

1

America." *Id.* Plaintiff states that "the bases [sic] for this data entry is similar to other nations with this sense of corruption." *Id.* As to Defendant MacKendrick, Plaintiff alleges that, on February 1, 2014, he "held [her] in a broom closet" at the magisterial district justice courthouse "under the same oppressions of corruption without cause." *Id.*

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under [§ 1915(e)(2)1] to determine whether it is frivolous." *Id.* (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *Schneller v. Abel Home Care, Inc.*, 389 F. App'x 90, 92 (3d Cir. 2010). Based upon a review of Plaintiff's application, the Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Therefore, she will be granted leave to proceed *in forma pauperis*, and the Clerk will be directed to docket her complaint.

Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains

2

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

In this case, Plaintiff's complaint fails even to identify, much less properly state, a legal theory upon which relief can be granted.  Construing the complaint liberally and in the light most favorable to Plaintiff,[2] the Court assumes that Plaintiff is attempting to assert some form of civil rights claim against Stevick, or perhaps state law claims based upon libel or intentional infliction of emotional distress.  Unfortunately for Plaintiff, such claims are not actionable at this point because, based upon the allegations in the complaint,[3] the applicable statutes of limitations have long expired.

The applicable limitations period is two years both for claims under 42 U.S.C. §1983 and for claims predicated upon the intentional infliction of emotional distress.  *See Nash v. Kenney*, 784 F. App'x 54, 57 (3d Cir. 2019) (discussing statute of limitations for §1983 claims), *cert. denied*, No. 19-7233, 2020 WL 1325917 (U.S. Mar. 23, 2020); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (same); *Quintana v. City of Phila.*, No. CV 17-0996, 2018 WL 3632144, at *9 (E.D. Pa. July 30, 2018) (discussing intentional infliction of emotional distress); 42 Pa. Cons. Stat. Ann. §5524(7) (two-year limitations period for claims founded on intentional tortious

---

[2]  A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
    When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant. *See Taksir v. Vanguard Grp.,* 903 F.3d 95, 96–97 (3d Cir. 2018).

[3]  Under the law of this circuit, "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).  Such is the case here, for the reasons discussed above.

conduct). Actions for libel or slander have a one-year limitations period under Pennsylvania law. *See* 42 Pa. Cons. Stat. Ann. §5523(1). "Under Pennsylvania law, a cause of action accrues, and the statute of limitations begins to run, when a plaintiff is aware, or should be aware, of the existence and source of the claimed injury." *Quintana*, 2018 WL 3632144, at *9 (internal quotation marks and citation omitted). Under federal law, a §1983 claim generally accrues when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Carrasquillo v. DelBalso*, No. 3:19-CV-0853, 2019 WL 7562729, at *7 (M.D. Pa. Dec. 18, 2019), *report and recommendation adopted*, 2020 WL 201729 (M.D. Pa. Jan. 10, 2020). To the extent the alleged events of May 1, 2006 gave rise to any cause of action at all, the cause of action was complete -- and Plaintiff should have been aware of her injury – as of that date. As a result, it is clear from the allegations in the "complaint" that any claims against Stevick arising from the events of May 1, 2006 are now time-barred.

With respect to the claims against MacKendrick, the Court assumes that Plaintiff is attempting to state a claim for false arrest or imprisonment under Pennsylvania law and/or a violation of her federal Fourth Amendment rights predicated upon similar theories. Here again, such claims are subject to a two-year statute of limitations period and the same rules of accrual discussed above. *See Nash,* 784 F. App'x at 57; *Kach,* 589 F.3d at 634; *Garvin v. Palmer*, No. CV 10-01294 (RBK), 2018 WL 6303760, at *2 (E.D. Pa. Dec. 3, 2018), (noting that, in Section 1983 actions, "the statute of limitations is determined by looking to the law of the state in which the cause of action arose," and, "[u]nder Pennsylvania law, the limitations period for false arrest and false imprisonment is two years), *appeal dismissed*, No. 19-1147, 2019 WL 3214604 (3d Cir. May 17, 2019). To the extent that Defendant MacKendrick's alleged conduct gave rise to an actionable claim, Plaintiff had two years from February 1, 2014 – i.e., until approximately

4

February 1, 2016 – within which to assert the claim; however, Plaintiff's complaint was not "lodged" in this case until April 20, 2020.  As a result, the claim is facially untimely.

Finally, the Court must consider the issue of amendment.  When a plaintiff is proceeding *pro se,* the Court should not dismiss the complaint without giving the plaintiff an opportunity to amend her claims, unless amendment would be inequitable or futile. *See Grayson,* 293 F.3d at 114.  Here, given the nature of Plaintiff's averments, the defects in the complaint appear to be irremediable.  Therefore leave to amend is not warranted.

For all of the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis*.  The Clerk will be directed to file Plaintiff's complaint of record.  However, Plaintiff's complaint will be dismissed without leave to further amend.

An appropriate order follows.

*[signature]*

SUSAN PARADISE BAXTER
United States District Judge